IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LEON JOHNSON,                            )
      Plaintiff,                         )        Civil Action No. 7:22-cv-00342
                                    )
                                    )
v.                                        )
                                    )        By: Elizabeth K. Dillon
B. MAZE, *et al.,*                        )        United States District Judge
      Defendants.                        )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Leon Johnson,[1] a Virginia prisoner proceeding *pro se*, filed an action alleging

civil rights violations pursuant to 42 U.S.C. § 1983.  This action was opened when the court

issued a severance order in *Johnson v. Duty*, Civil Action No. 7:21-cv-00635.  (Dkt. No. 1-1.)[2]

Before the court are defendants' motions for a more definite statement and to stay discovery.

(Dkt. Nos. 38, 46.)  Also before the court is Johnson's "Motion for Leave to File a Return

Answer"; as discussed below, the court construes this motion as a motion for leave to file an

amended complaint.  (Dkt. No. 41.)  For the reasons stated below, all three of these motions will

be denied.

I.  BACKGROUND

The court described the operative allegations for this action in the severance order as

follows:

> The Clerk is DIRECTED to conditionally file a copy of Johnson's
> amended complaint . . . in a new and separate civil action that shall
> consist of Johnson's claims of "sex discrimination," which appear
> to assert a claim based on the Equal Protection Clause and/or a claim
> that the conditions of her confinement violate the Eighth

---

[1]  According to the amended complaint, Johnson is transgender, and she refers to herself using feminine pronouns.  The court does so also.

[2]  The court severed Johnson's amended complaint in Case No. 7:21-cv-635 into five separate actions.  The four new actions were Case Nos. 7:22-cv-340, 7:22-cv-341, 7:22-cv-342, and 7:22-cv-343.

> Amendment.  In particular, she alleges that, even though she is a transgender woman, she is forced to shower with male prisoners, which is a security issue and puts her at risk of an assault.  She also complains that she is limited to one shower a day, while other inmates are permitted multiple showers.  This lawsuit also will include the allegations set forth on pages 7 and 8 concerning alleged statements, sexual comments, and threats by defendant Maze from June through August 2021, and Maze's denying Johnson a shower on at least one occasion.  The defendants in this case will be Maze, Massingill, Shepherd, Fuller, and White.

(Dkt. No. 1-1 at 5.)  After this action was opened, the court issued a service order, and defendants filed an answer.  (Dkt. No. 20.)

Soon after, however, Johnson filed a motion to amend or correct her complaint.  (Dkt. No. 23.)  Magistrate Judge Hoppe granted this motion and allowed Johnson thirty days to file an amended complaint, with instructions.  (Dkt. No. 35.)  Judge Hoppe explained:

> Johnson has sought leave to amend her complaint to add an equal protection claim based on her transgender status and the denial of certain religious items.  The presiding district judge already granted Johnson leave to add such a claim.  Specifically, in *Johnson v. Duty*, No. 7:22-cv-340 (W.D. Va. Dec. 7, 2022), the court entered an opinion and order dismissing several of her claims in that case, and leaving only her First Amendment Free Exercise claim and her claim under RLUIPA.  As to the equal protection claim in that case, the court explained that it alleges that she was denied religious items based on her status as a transgender woman, not because she was a Muslim.

Those allegations are "properly part of her claims of discrimination based on her status as a transgender woman and should be included in the case dealing with those claims," *Johnson v. Duty*, No. 7:22-cv-340, Mem. Op. at 5 (W.D. Va. Dec. 7, 2022) —the above-captioned matter, *Johnson v. Maze*, No. 7:22-cv-00342.  The court dismissed that claim without prejudice in Case No. 7:22-cv-340 but at the same time allowed her to move to amend her complaint in this case. No. 7:22-cv-340, Mem. Op. at 5 (W.D. Va. Dec. 7, 2022).

Pursuant to that directive, Judge Hoppe granted Johnson's motion to amend to add that claim. Judge Hoppe explained that Johnson must file an amended complaint by a specified date, and that the amended complaint may include *only* the claims originally included in this case and an equal protection claim based on being denied religious items because she is a transgender woman. (Dkt. No. 35 at 2.) "Her amended complaint must be a new pleading, complete in all respects, which stands by itself without reference to any earlier filed-complaint, documents, or attachments." (*Id.*) Johnson filed a pleading which Judge Hoppe construed as the amended complaint, and Judge Hoppe ordered defendants to file a response within thirty days. (Dkt. Nos. 36, 37.) Defendants responded by filing a motion for a more definite statement. (Dkt. No. 38.)

## II.  ANALYSIS

### A.  More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Due to the liberal pleading requirements in federal court, motions for a more definite statement are generally disfavored and granted only sparingly. *The Collection, LLC v. Valley Bank*, 4:09CV00007, 2009 WL 2357145, at *2 (W.D. Va. July 31, 2009); *McCrea v. Johns Hopkins Universities*, CIVIL NO. WDQ-15-579, 2015 WL 9255328, at *4 (D. Md. Dec. 17, 2015). Such motions are "intended for situations where pleadings are so unclear that drafting a response to them is practically impossible. As a disfavored remedy, motions for a more definite statement should only be granted where the pleading is unintelligible or the meaning is unclear." *Id.* at *5. Rule 12(e) motions "are not a substitute for discovery, and ordinarily will not be granted where the information sought could be obtained in discovery."

*56th Street Investors, Inc. v. Worthington Cylinders Mississippi, LLC*, CIVIL ACTION NO. 4:13cv149, 2013 WL 12133647, at *1 (E.D. Va. Dec. 3, 2013).

Defendants argue that Johnson's pleading falls within the "quite small" class of pleadings that are "appropriate subjects for a motion under Rule 12(e)," *Wright & Miller*, Fed. Practice & Procedure 1376 (3d ed. 2018), because it lacks any detail that could put defendants on notice as to what incidents, people, or conditions could substantiate or support any of her claims. Defendants maintain that because the amended complaint is so difficult to comprehend, it is not possible or appropriate to undertake discovery into Johnson's allegations.

For example, with respect to her claim of religious discrimination, Johnson alleges that she has "the right to free exercise her belief which is religious and sincere, like eating kosher food, covering her hair and body, praying at a certain time and having her religious items." (Am. Compl. ¶ 15.)  Defendants object that Johnson does not identify what religious items were missing or stolen, how they were related to her religious exercise, and why the alleged deprivation imposed a substantial burden on her religious exercise.  However, defendants concede that the pleading standard is even more relaxed than normal in this circumstance, involving *pro se* prisoner litigation, given the Prison Litigation Reform Act's provision for defendants to waive the filing of an answer.  *See* 42 U.S.C. § 1997e(g)(1) ("Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law.  Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint.").  Defendants also note the standard accepted practice for defendants to file an abbreviated answer in prisoner cases.  Thus, the difficulty in formulating an answer is not a factor in favor of granting defendants' motion for a more definite statement.

As for discovery, defendants can formulate discovery requests would require Johnson to clarify the details behind her allegations of mistreatment.

For these reasons, the court will deny defendants' motion for a more definite statement.

## B.  Motion to Stay

Defendants move to stay discovery until the court has ruled on the motion for a more definite statement.  As the court is today denying the motion for a more definite statement, the court will also deny the motion to stay.

## C.  Leave to Amend

Johnson filed a motion entitled "Motion for Leave to File a Return Answer."  (Dkt. No. 41.)  The court construes this motion as a motion for leave to file an amended complaint.  (*See* Dkt. No. 41-1 at 2 (citing Rule 15(a)(2)'s provision that leave to amend should be given freely when justice so requires).)  Johnson is advised that she may not submit multiple documents and attempt to repeatedly amend her complaint in piecemeal fashion in violation of Rule 8 and 10 of the Federal Rules of Civil Procedure.  Accordingly, Johnson's motion for leave to amend will be denied.

## III.  CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Defendants' motion for a more definite statement (Dkt. No. 38) is DENIED;

2.      Defendants' motion to stay discovery (Dkt. No. 46) is DENIED; and

3.      Johnson's Motion for Leave to File a Return Answer (Dkt. No. 41), which the court construes as a motion for leave to file an amended complaint, is DENIED WITHOUT PREJUDICE because of her attempt to construct her complaint piecemeal in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure.  If Johnson wants to amend her complaint, she

should file a *single* document that should be titled as an amended complaint.  It may not include claims set forth in any of her other cases.

Johnson's amended complaint (her second amended complaint) must be a new pleading that stands by itself without reference to a complaint, attachments, documents, or amendments already filed.  The second amended complaint must clearly state the name of each defendant and clearly explain how each defendant violated Johnson's federal rights.  The second amended complaint must conform to Rules 8[3] and 10,[4] which require "a short and plain statement of the claim showing that the pleader is entitled to relief" to be set out in numbered paragraphs, each limited to a single set of circumstances.  *The second amended complaint shall replace Johnson's current complaint and all proposed amendments, and it shall constitute the sole complaint in this matter.*

---

[3] Rule 8 states in pertinent part:
(a) Claim for Relief. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
                                 * * *
(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
    (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
    (2) Alternative Statements of a Claim or Defense. A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
    (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

[4] Rule 10 states:
(a) Caption; Names of Parties.  Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation.  The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

(b) Paragraphs; Separate Statements.  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

(c) Adoption by Reference; Exhibits.  A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.  A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Johnson shall file her second amended complaint not later than thirty days after entry of this order.  If Johnson fails to file a second amended complaint by that deadline, then her claims will proceed in their current format.

The Clerk shall send a copy of this order to Johnson, along with a blank form to be used for filing an amended complaint.  The Clerk shall also transmit a copy of this order to counsel for defendants.

Entered: November 20, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

**AMENDED COMPLAINT**

IN THE UNITED STATES DISTRICT COURT
Western District of Virginia

Dillon
_____
District Judge
(Assigned by Clerk's Office)

Hoppe
_____
Mag. Referral Judge
(Assigned by Clerk's Office)

CIVIL ACTION NO. _____   7:22-cv-00342
(Assigned by Clerk's Office)

For use by Inmates filing a Complaint under

**CIVIL RIGHTS ACT, 42 U.S.C. §1983 or <u>BIVENS v. SIX UNKNOWN NAMED AGENTS
OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971)</u>**

Leon Johnson
_____
Plaintiff Name
    v.

1192355
_____
Inmate No.

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

**IF YOU NEED TO ADD MORE DEFENDANTS, USE A SEPARATE SHEET OF PAPER, AND PUT
NAME AND ADDRESS FOR EACH NAMED DEFENDANT.
TITLE THE SECOND PAGE "CONTINUED NAMED DEFENDANTS"**

*************************************************************************************************************

A. <u>**Where are you now?**</u> Name **_and_** Address of Facility:

_____

_____

**B.**   Where did this action take place?

_____

**C.**   Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

_____ Yes          _____No

If your answer to A is Yes, answer the following:

    1.   Court: _____

    2.   Case Number: _____

**D.**   Have you filed any grievances regarding the facts of this complaint?

_____Yes          _____No

1.   If your answer is Yes, indicate the result:

_____

_____

2.   If your answer is No, indicate why:

**E.**   Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes**. If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

_____

_____

_____

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:
(Additional Supporting Facts may be placed on a separate paper titled ADDITIONAL SUPPORTING FACTS)

_____

_____

_____

**F.** State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

_____

_____

_____

**G.** If this case goes to trial, do you request a trial by jury?   Yes_____   No _____

**H.** If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address ***after*** I have been released or transferred or my case may be dismissed.

DATED:_____   SIGNATURE: _____

VERIFICATION:
I,_____, state that I am the plaintiff in this action, and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertations are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED:_____   SIGNATURE: _____

Updated  9/9/22

When submitting handwritten documents, leave enough space at the top, the bottom, and the sides. Those documents are scanned into the Court's database by hand, which is then the official record.
Please do not use tape or staples on documents.