CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 05, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEON JOHNSON, ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 7:22-cv-00342 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| B. MAYS, *et al.*, ) |     Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO EXTEND OR REOPEN THE APPEAL PERIOD**

The court entered final judgment in this matter on September 6, 2024, and the appeal period expired on October 7, 2024. (Dkt. No. 71.) Plaintiff Johnson filed a notice of appeal on October 29, 2024. (Dkt. No. 72.)[1] The Fourth Circuit Court of Appeals construed Johnson's notice of appeal as a motion to extend or reopen the appeal period because the notice stated that "she did not receive legal mail until September 13, 2024, because she was under a mental health watch." Appeal No. 24-7047 (4th Cir. Mar. 4, 2025).[2] Thus, the court remanded this case for "the limited purpose of making the necessary factual findings to determine whether Johnson can show excusable neglect or good cause to extend the appeal period under Rule 4(a)(5), or whether she can satisfy Rule 4(a)(6)'s requirements warranting reopening of the appeal period." *Id.*

On March 14, 2025, the court issued an order directing Johnson to file any argument and/or evidence in support of extending the appeal period, Fed. R. App. P. 4(a)(5), or reopening the appeal period, Fed. R. App. P. 4(a)(6), within thirty days of the order. (Dkt. No. 78.) Johnson did not file any response to the court's order.

---

[1] The Fourth Circuit Court of Appeals found that this is the correct date of filing pursuant to the mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Johnson is transgender and refers to herself using feminine pronouns.

The only evidence in the record pertaining to Johnson's motion to extend or reopen the appeal period is Johnson's statement in the notice of appeal that "Plaintiff received legal mail on September 13, 2024, plaintiff was also under mental health watch and was not given no items …." (Doc. No. 72.)  This information is insufficient to find excusable neglect or good cause to extend the period because the court does not know how long plaintiff was on a mental health watch and/or deprived of any needed "items."  Johnson has provided no details in the notice of appeal or in response to the court's request for additional argument and/or evidence.  Thus, the court has no information to make a finding that her ability to file a notice of appeal was affected.

Moreover, Johnson admits that she received the court's order on September 13, 2024, one week after the court entered its judgment.  At that point, Johnson had more than three weeks left to file a timely notice of appeal.  Based on the record before the court, the delay appears to have been "within the reasonable control of the movant," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (listing relevant factors to evaluate excusable neglect).  Therefore, the court will deny the motion to extend the appeal period.

Further, to reopen the appeal period, the court must find that the moving party "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry . . . ." Fed. R. App. P. 4(a)(6)(A).  The court has no basis to make such a finding, and Johnson's notice of appeal admits that she received the court's legal mail, the memorandum opinion and order[3], within 21 days after entry of judgment.

Finding that there are no grounds to either grant Johnson's motion to extend the appeal period or to reopen the appeal period, Johnson's motion to extend or reopen the appeal period is DENIED.

---

[3] According to the docket, the memorandum opinion and order were mailed to plaintiff on the date of entry, September 6, 2024.  No other legal mail regarding this case was sent to plaintiff in or around that time.

2

The Clerk of Court is directed to transmit a copy of this order to Johnson, all counsel of record, and the Clerk of Court for the Fourth Circuit Court of Appeals.

Entered: May 5, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge